**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000211
12-AUG-2020
08:42 AM**

NO. CAAP-20-0000211

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

U.S. BANK NATIONAL ASSOCIATION, Not in Its Individual Capacity but Solely as Trustee NRZ Pass-Through Trust X, Plaintiff-Appellee, v. DON PAUL, Defendant-Appellant, and DOES 1 THROUGH 20, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5CC171000080)

ORDER GRANTING JULY 31, 2020 MOTION TO DISMISS APPEAL
(By: Leonard, Presiding Judge, Chan and Hiraoka, JJ.)

Upon review of (1) the July 31, 2020 motion by Plaintiff-Appellee U.S. Bank National Association, Not in Its Individual Capacity But Solely as Trustee NRZ Pass-Through Trust X (**U.S. Bank**), to dismiss appellate court case number CAAP-20-0000211 as moot, (2) the lack of any memorandum by Defendant-Appellant Don Paul (**Paul**) in response to U.S. Bank's July 31, 2020 motion, and (3) the record, it appears that we lack jurisdiction over Paul's appeal, but not for the reason asserted by U.S. Bank.

The circuit court entered two judgments — the November 22, 2019 judgment (**Judgment**) and the February 25, 2020 amended judgment (**Amended Judgment**). The Judgment was an appealable final judgment. See Hawaii Revised Statutes (**HRS**) § 667-51(a)(1) (2016). Paul did not file a notice of appeal from

the Judgment within the 30-day time required by Rule 4(a)(1) of the Hawaiʻi Rules of Appellate Procedure (**HRAP**).

U.S. Bank's motion to amend the circuit court's findings, conclusions, and order granting summary judgment and interlocutory decree of foreclosure (filed by U.S. Bank on February 10, 2020) did not toll or extend the time for Paul to appeal from the Judgment.  U.S. Bank's motion to amend was filed pursuant to Rule 60 of the Hawaiʻi Rules of Civil Procedure (**HRCP**), to correct a clerical error in the tax map key number.  A post-judgment motion to amend findings or a judgment or order extends the time for a party to file a notice of appeal only if "the court . . . rules specify the time by which the motion shall be filed[.]"  HRAP Rule 4(a)(3).  HRCP Rule 60(a) does not specify the time by which a motion under Rule 60(a) shall be filed.  HRCP Rule 60(b) states that "[a] motion under this sub-division (b) does not affect the finality of a judgment or suspend its operation."  U.S. Bank's motion to amend did not affect the finality of the Judgment.

The circuit court's entry of the Amended Judgment did not trigger a new 30-day period for Paul to file a notice of appeal under HRAP Rule 4(a)(1).  The Amended Judgment was materially identical to the Judgment (neither contained a reference to the tax map key number for the foreclosed property).

> The general rule is that where a judgment is amended in a material and substantial respect, the time within which an appeal from such determination may be taken begins to run from the date of the amendment, although where the amendment relates only to the correction of a clerical error, it does not affect the time allowed for appeal.  Moreover, if the amendment of a final judgment or decree for the purpose of correcting a clerical error either materially alters rights or obligations determined by the prior judgment or decree or creates a right of appeal where one did not exist before, the time for appeal should be measured from the entry of the amended judgment.  If, however, the amendment has neither of these results, but instead makes changes in the prior judgment which have no adverse effect upon those rights or obligations or the parties' right to appeal, the entry of the amended judgment will not postpone the time within which an appeal must be taken from the original decree.

Korsak v. Hawaiʻi Permanente Med. Grp., 94 Hawaiʻi 297, 304, 12 P.3d 1238, 1245 (2000) (cleaned up).  Thus, entry of the Amended Judgment did "not postpone the time within which an appeal must be taken from the original decree."  Id.  We lack jurisdiction over Paul's appeal.

Accordingly, IT IS HEREBY ORDERED that U.S. Bank's July 31, 2020 motion to dismiss Paul's appeal is granted, and case number CAAP-20-0000211 is dismissed for lack of appellate jurisdiction.

DATED:  Honolulu, Hawaiʻi, August 12, 2020.

/s/ Katherine G. Leonard
Associate Judge

/s/ Derrick H.M. Chan
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge